UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

08 MAY -8 PM 1: 18

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

AEARO CORPORATION and
AEARO COMPANY,

        Plaintiffs,

      v.

AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY,

        Defendant,

)
)
)
)
)
)
)
)
)
)
)

Case No._____

**JURY TRIAL DEMANDED**

**1 : 08 -cv- 0604 -DFH -WTL**

## COMPLAINT

Plaintiff, Aearo Corporation and its wholly-owned subsidiary Aearo Company (collectively "Aearo"), by and through its attorneys, allege as follows against Defendant, American International Specialty Lines Insurance Company ("AISLIC"):

### I.    THE PARTIES

1.    Plaintiff, Aearo Company, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 5457 West 79th Street, Indianapolis, Indiana 46268.

2.    Aearo Company is a wholly-owned subsidiary of Aearo Corporation. Aearo Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5457 West 79th Street, Indianapolis, Indiana 46268.

3.    Aearo is a leading manufacturer of workplace safety products, including fall protection equipment.

4.    On information and belief, Defendant AISLIC is an insurance company formed

and existing under the laws of the State of Alaska with its principal place of business in New York City, State of New York.

## II.   JURISDICTION AND VENUE

5.     This is an action for declaratory judgment and breach of contract. Upon information and belief, AISLIC is an Alaska corporation doing business in this judicial district and throughout the United States. Requiring AISLIC to respond to this action will not violate due process. AISLIC is subject to the personal jurisdiction of this Court and is amenable to service of process.

6.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between Aearo and AISLIC and the amount in controversy exceeds $75,000. Jurisdiction for a declaratory judgment also arises under 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) because AISLIC is a corporation that is subject to personal jurisdiction in this District, a substantial portion of the events and/or omissions giving rise to the claims at issue in this lawsuit occurred in this District, and AISLIC issued its insurance policy to Aearo in this District.

## III.   FACTUAL BACKGROUND

### A. THE CLIMB TECH ACTION

8.     In September 2005, Climb Tech LLC and K.E. Guthrie & J.D. Schwartz Designs, LLC (collectively "Climb Tech") brought an action against Aearo Corporation and Aearo Company for misappropriation of trade secrets, breach of contract, federal trademark infringement, common law unfair competition, unjust enrichment, and federal and state trademark dilution. A copy of Climb Tech's Complaint is attached as Exhibit 1 (the "Climb

Tech Action"). The Climb Tech Action concerned an Aearo product known as the SafeClaw, a removable anchor bolt.

9.     The Climb Tech Action was originally filed in the District Court of Travis County, Texas, but later was removed to the United States District Court for the Western District of Texas, Austin Division. Climb Tech twice amended its Complaint, with its Third Amended Complaint filed July 14, 2006.

10.    In April 2007, Climb Tech and Aearo reached a settlement as to all claims asserted between them in the Climb Tech Action.

## B. THE PRIMARY POLICY AND THE EXCESS POLICY

11.    Prior to the filing of the Climb Tech Action, Aearo obtained commercial liability insurance from Liberty Surplus Insurance Company (the "Liberty Policy").

12.    Also prior to the filing of the Climb Tech Action, Aearo obtained a Commercial Umbrella Policy, bearing policy number 9744260, for the September 30, 2002 to September 30, 2003 policy period ("AISLIC Policy"). The AISLIC Policy is attached as Exhibit 2. The AISLIC Policy has a $25 Million limit in excess of the limits of the underlying Liberty Policy. If there is no coverage under the Liberty Policy, the AISLIC policy applies in excess of a self-insured retention of $10,000.

13.    The injury alleged in the Climb Tech Action falls within the AISLIC Policy period as the policy was in force from September 30, 2002 to September 30, 2003, the period in which the SafeClaw product was launched.

14.    Aearo's primary insurance carrier, Liberty, denied coverage for the Climb Tech Action.

15.    Aearo, through its insurance broker Marsh USA, Inc., provided timely notice of

the Climb Tech Action to AISLIC on September 21, 2005.  AISLIC acknowledged receipt of

Aearo's notice on October 6, 2005.

## C. AISLIC's DENIAL OF COVERAGE

16.     On October 6, 2005, AISLIC sent a letter to Aearo acknowledging receipt of the

notice of the Climb Tech Action, stating it was reviewing the matter and reserving its rights.

17.     On January 25, 2007, Liberty formally denied coverage for the Climb Tech

Action.   In addition, the Liberty Policy contains a broad exclusion for intellectual property

claims.  There is no such exclusion in the AISLIC Policy

18.     On February 13, 2007, AISLIC advised Aearo that there was no coverage under

the AISLIC Policy for the Climb Tech Action.  Exhibit 3.  Aearo objected to AISLIC's position.

Exhibit 4.  AISLIC's counsel confirmed the denial on April 6, 2007.  Exhibit 5.

## D. THE AISLIC POLICY COVERED CLAIMS ASSERTED IN THE CLIMB TECH ACTION

19.     Under the AISLIC Policy, when there is no coverage under the primary Liberty

Policy, AISLIC is liable for costs of defense and indemnity for damages in excess of Aearo's

$10,000 self-insured retention.

20.     Since there is no coverage under the Liberty Policy, AISLIC's insurance

obligation for defense and indemnity has been triggered.

21.     Under the AISLIC Policy, AISLIC is "legally obligated to pay" defense and

indemnity by reason of "BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, or

ADVERTISING INJURY" that takes place during the policy period.  See Exhibit 2.

22.     Under the AISLIC Policy, "advertising injury" is defined as:  (1) oral or written

publication of material that slanders or libels a person or organization or disparages a person's or

organization's goods, products or services; (2) oral or written publication of material that violates a person's right of privacy; (3) misappropriation of advertising ideas or style of doing business; or (4) infringement of copyright, title or slogan. *See* Exhibit 2.

23.     Climb Tech's claims for trademark infringement, misappropriation of trade secrets, state and federal dilution, unjust enrichment, and unfair competition are covered under the AISLIC Policy as "advertising injury" because they constitute the offenses of "misappropriation of advertising ideas or style of doing business" and "infringement of copyright, title or slogan."

24.     Even if the language of AISLIC's policy providing coverage for "advertising injury" is considered ambiguous, under Indiana law the policy must be construed in favor of coverage for Aearo.

### E. AISLIC'S BREACH DAMAGED AEARO

25.     AISLIC's refusal to honor the terms of its insurance policy forced Aearo to contribute its own funds to settle the Climb Tech Action and to pay for its own defense. Aearo has been damaged in the amount it necessarily paid for defense and settlement that otherwise should have been paid by AISLIC under its policy.

### IV.     COUNT I: DECLARATORY JUDGMENT

26.     Aearo hereby incorporates by reference the preceding rhetorical paragraphs as if fully set forth herein.

27.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgments Act, 28 U.S.C. § 2201, this Court should resolve this controversy by entering an Order declaring that the AISLIC Policy covered the claims asserted against Aearo in the Climb

Tech Action, and requires AISLIC to pay Aearo's defense and indemnify amounts paid in settlement.

28.     There is an actual controversy between Aearo and AISLIC regarding whether AISLIC was obligated to provide coverage to Aearo.  A declaratory judgment in this case will serve a useful purpose in settling the legal rights and obligations of the parties.  Moreover, a declaratory judgment will terminate the current controversy between the parties over their rights and obligations under the AISLIC Policy.

29.     Aearo seeks a declaration by the Court that the AISLIC Policy covered claims asserted against Aearo in the Climb Tech Action.

## V.     COUNT II: BREACH OF CONTRACT

30.     Aearo hereby incorporates by reference the preceding rhetorical paragraphs as if fully set forth herein.

31.     AISLIC insured Aearo for costs of defense and sums Aearo became "legally obligated to pay because of ADVERTISING INJURY."

32.     One or more of the claims brought by Climb Tech in the Climb Tech Action are covered by the AISLIC Policy.

33.     Aearo's primary insurer, Liberty, denied coverage and the Liberty Policy contains a broad intellectual property exclusion that the AISLIC Policy does not contain.

34.     Aearo complied with all conditions required in submitting the claim to AISLIC. All conditions precedent to payment have occurred, been performed, or have been excused or waived.

35.     Nevertheless, AISLIC impermissibly breached the AISLIC Policy by summarily denying Aearo coverage for the Climb Tech Action, abandoning its insured, and forcing Aearo to

use its own funds to defend and settle the Climb Tech Action.

36. As a direct and proximate result of AISLIC's wrongful breach of the AISLIC Policy, Aearo has suffered damages.

37. As a result of the foregoing, Aearo is entitled to recover from AISLIC all sums paid by it, in excess of the self-insured retention of $10,000, to defend and settle the Climb Tech Action, plus pre-judgment and post judgment interest at the legal rate until paid, costs of this action, and such other damages it may prove at trial.

## VI.   DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Aearo demands a trial by jury of all eligible claims.

## V.   PRAYER FOR RELIEF

WHEREFORE, Aearo respectfully requests the Court to enter judgment in its favor and against AISLIC to include:

A. a declaration that the AISLIC Policy covered claims asserted against Aearo in the Climb Tech Action;

B. judgment against AISLIC and in favor of Aearo for all sums paid by it to defend and settle the Climb Tech Action, in excess of $10,000;

C. pre-judgment and post-judgment interest as allowed by law;

D. Aearo's costs incurred in this action, and

E. all other just and proper relief.

Dated: May _____, 2008

Respectfully Submitted,

_____

David C. Campbell
Anne L. Cowgur
BINGHAM MCHALE LLP
2700 Market Tower Building
10 West Market Street
Indianapolis, IN 46204
(317) 635-8900
(317) 236-9907 (facsimile)
dcampbell@binghammchale.com
acowgur@binghammchale.com

*Attorney for Plaintiffs, AEARO CORPORATION
and AEARO COMPANY*

1171255