UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AEARO CORPORATION and AEARO COMPANY, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 1:08-cv-0604-DFH-DML |
| CHARTIS SPECIALTY INSURANCE COMPANY, f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ) ) ) ) ) ) | |
| Defendant. ) | |

ENTRY ON JOINT MOTION TO VACATE OPINION

Plaintiff Aearo Corporation sued its insurer seeking damages for the insurer's refusal to defend Aearo against a lawsuit. The parties filed cross-motions for summary judgment. This court granted Aearo's motion and denied the insurers's motion in an opinion addressing the scope of standard insurance policies covering "advertising injury." See *Aearo Corp. v. American International Specialty Lines Ins. Co.*, 676 F. Supp. 2d 738 (S.D. Ind. 2009). After the parties reached a stipulation on the amount of Aearo's damages, the court entered final judgment. The parties settled while the insurer's appeal was pending.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and as agreed as one term of the parties' settlement agreement, the parties have now filed

a joint motion to vacate this court's opinion and to have the case dismissed with prejudice. The motion is denied.

Rule 60(b) allows a district court to relieve a party from a final judgment or other order for one of six reasons. The parties do not argue that any of the first five provisions of Rule 60(b) apply to the opinion. If the entry is to be vacated, it must be on the basis of "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(6).

The Seventh Circuit has held that "relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), quoting *Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990) (quotation marks omitted). The parties point to *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002 (7th Cir. 2007), which held that a district court considering whether to vacate its own judgment is not cabined by the Supreme Court's admonition to appellate courts that they may vacate district court judgments only in "exceptional circumstances." See *id.* at 1003, citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994). But the Supreme Court has separately admonished district courts that they, too, must find "extraordinary circumstances" before they may vacate their decisions under

Rule 60(b)(6).  See, *e.g.*, *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988), quoting *Ackermann v. United States*, 340 U.S. 193 (1950).

In this case, the court expended considerable time and public resources to resolve the parties' summary judgment motions.  Although a decision of a district court does not establish a binding precedent, it can provide helpful guidance to other courts, attorneys, and parties.  After this expenditure of public resources, why should the court vacate that decision?  In answer, the parties offer only "Defendant's concern regarding the potential impact of the Court's decision in future litigation."  But a losing party's dissatisfaction with the court's judgment is a completely ordinary effect of litigation.  Cf. *Liljeberg*, 486 U.S. at 850 (affirming Rule 60(b) order vacating judgment where trial judge erroneously failed to recuse from the case).

The court understands that defendant may be troubled by the prospect that other courts might agree with this court's view of the issues here.  That prospect is not the kind of "extraordinary" interest required to cast aside a decision reached at public expense. Judicial decisions by public courts can be "valuable to the legal community as a whole" and "are not merely the property of private litigants."  See *U.S. Bancorp*, 513 U.S. at 27 (denying motion to vacate circuit court's judgment where parties settled during Supreme Court review), quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting).  Further reflecting the tension between private and public interests,

the parties here agreed that even though the court's decision should be vacated, the parties themselves would still be entitled to take advantage of it in future disputes. In the same paragraph calling for vacating the opinion, the parties agreed: "In the event that any future litigation arises between the undersigned for insurance coverage under the Policy for claims brought against Aearo by Verble and/or Hagler relative to the Climb Tech Action, the undersigned agree that the factual and legal issues decided in the Order will be binding on the undersigned and will not be re-litigated by these parties, regardless of the forum or jurisdiction in which such litigation is brought." In other words, the parties want the opinion to be binding on them but unavailable to the public. Parties who want that sort of private justice should consider private dispute resolution at their own expense.

The joint motion is denied.

So ordered.

Date: July 19, 2010

_____

DAVID F. HAMILTON, JUDGE

Copies to:

Tiffany J. Beverly
BATES & CAREY, LLP
tbeverly@batescarey.com

David C. Campbell
BINGHAM MCHALE LLP
dcampbell@binghammchale.com,lcase@binghammchale.com

Anne L. Cowgur
BINGHAM MCHALE LLP
acowgur@binghammchale.com,dlawyer@binghammchale.com

Daniel I. Graham , Jr
BATES & CAREY, LLP
dgraham@batescarey.com

Kelly A. Kraft
BATES & CAREY LLP
kkraft@batescarey.com

Robert S. Marshall
BATES & CAREY LLP
rmarshall@batescarey.com